UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CORYEL A.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C18-1369 BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff appeals the ALJ's decision finding him not disabled. Dkt. 11. He contends the ALJ misevaluated the opinions of Victoria McDuffee, Ph.D., and James Czysz, Ph.D. *Id.* For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The Court may not reverse the ALJ's decision on account of errors that are harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

In this case, plaintiff argues the Court should reverse the Commissioner's final decision on the grounds the ALJ misevaluated the opinions of Drs. McDuffee and Czysz. The ALJ must give specific and legitimate reasons for rejecting a doctor's medical opinion if contradicted by another doctor, and clear and convincing reasons for rejecting a doctor's uncontradicted opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

### A. Dr. McDuffee

Dr. McDuffee examined plaintiff twice, once in 2010 and once in 2013. The ALJ rejected the doctor's 2013 opinion that plaintiff has moderate to severe cognitive limitations, antisocial traits, paranoia, and anger for several reasons. Tr. 437. First, the ALJ found the doctor's opinions are based upon plaintiff's subjective complaints and not "clinically or objectively supported." *Id.* The ALJ arrived at this finding noting Dr. McDuffee did not perform any cognitive testing other than a trail making test "(which is a test of speed not cognition)," and a subjective personality test. *Id.*

The ALJ's finding is not supported by substantial evidence. Dr. McDuffee's opinion is not based merely upon what plaintiff told her. Dr. McDuffee recorded plaintiff's statements, but the evaluation shows the doctor did not simply adopt plaintiff's statements; rather the evaluation shows the doctor made clinical findings and exercised her own professional judgment in rendering her opinions. For instance, plaintiff told the doctor "racism prevents him from employment." There is no indication the doctor agreed with plaintiff. Rather the doctor stated "However he has a long history of violence," indicating Dr. McDuffee disagreed. Tr. 324. Plaintiff also told the doctor "he was a victim in all his crimes." Tr. 325. There is no indication Dr. McDuffee agreed with this either. Instead the record indicates the doctor rejected plaintiff's

claimed victimization in finding plaintiff has "no empathy." Tr. 325. This was a finding the doctor made in support of plaintiff's "antisocial traits." *Id.*

Dr. McDuffee also found plaintiff was paranoid and had "persecutory ideation" noting plaintiff "is suspicious and combined with his poor insight triggers significant interpersonal conflicts." *Id.* There is no indication plaintiff stated he has "poor insight." Such a statement would be contrary to how plaintiff's told the doctor he is a victim of racism, i.e., he is not paranoid, and that there is a fact based reason for his fear and suspicions of others.

Dr. McDuffee also found plaintiff has chronic extreme anger problems. The finding is not based on anything plaintiff said but on the doctor's observation plaintiff has a history of violent criminal conduct and convictions, and that while plaintiff claimed he tries to make people feel comfortable around him, the doctor observed "he was not observed as attempting to make evaluator feel comfortable around him." *Id.*

The ALJ's finding the doctor's testing is deficient to establish cognitive limitations is also not supported by substantial evidence. Dr. McDuffee opined plaintiff's cognitive limitations are in part a result of his "slow processing speed which is likely a factor in his employability." Tr. 325. The ALJ acknowledged the trail making test measures "speed" but presents no explanation supported by evidence of record that the doctor's assessment is incorrect. The ALJ has thus failed to set forth clear and convincing or substantial and legitimate reasons to reject Dr. McDuffee's opinion that plaintiff's slow processing speed is a functional cognitive limitation. Further, Dr. McDuffee administered a mental status test, which the ALJ ostensibly rejected as a "subjective personality test." The finding implies that mental status tests are unreliable or not a proper test that a doctor should administer. There is nothing in the record supporting such

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 3

conclusions. Here the doctor administered and scored the test as showing "cognitive impairment," particularly in regards to memory. Tr. 328, 329.

Second, the ALJ rejected Dr. McDuffee's opinion plaintiff is paranoid on the grounds there is little objective evidence of paranoia. Tr. 437. The ALJ noted plaintiff did not complain of paranoia in prior treatment sessions and has not been observed to have "thought disturbances." *Id.* This finding is inconsistent with repeated notations in plaintiff's medical records indicating his fears of going out, fears of false accusations, and paranoid feelings. *See e.g.* 305, 355, 396, 692. Further, the ALJ's rationale fails to address the basis of Dr. McDuffee's opinion. Plaintiff told Dr. McDuffie he is a victim of racism and is being singled out, i.e., this is why people pick on him, stare at him and get into fights with him. The doctor did not blindly accept plaintiff's victimization claim and instead found plaintiff's fears are based on mental health problems, i.e., explosive anger, a lack of empathy, lack of insight into his own conduct, paranoia and persecutory ideation. Dr. McDuffee rejected plaintiff's defensive claims about his anger problems and how he tries to make people around him feel comfortable by noting these claims were inconsistent with plaintiff's criminal history, history of violence, and the manner in which plaintiff behaved during the doctor's evaluation. Hence Dr. McDuffee's opinion plaintiff is paranoid and has persecutory ideation is based upon clinical evidence showing plaintiff's fears are not based upon victimization but on his mental health problems: paranoia and persecutory ideation.

Third, the ALJ found Dr. McDuffee's opinion plaintiff is markedly limited in adapting to change is inconsistent with the lack of "decompensating behavior" in response to his incarceration or release from jail in 2014, and because plaintiff worked for a month and a half in 2015. Tr. 438. Neither the ALJ nor the Commissioner in her brief point to anything in the record

showing whether plaintiff decompensated or not. The record does not provide sufficient information to support the determination whether plaintiff decompensated or not and thus the ALJ's finding is not supported by substantial evidence. And as to the work plaintiff performed in 2015, plaintiff testified he got into a dispute with a co-worker and he was let go because his employer thought he was hostile. Tr. 453-54. Plaintiff's problematic conduct at the 2015 job thus tends to support rather than undercut Dr. McDuffee's opinion that plaintiff lacks insight and empathy which underlies his paranoia and persecutory ideation. In sum, the Court concludes the ALJ erred in discounting Dr. McDeffee's opinions.

### *B.* *Dr. Czysz*

The ALJ discounted findings Dr. Czysz made following a 2014 evaluation of plaintiff. Tr. 438. The ALJ discounted the doctor's opinions regarding plaintiff's depression and anxiety on the grounds they were based upon plaintiff's statements and inconsistent with plaintiff's treatment records. The record does not show Dr. Czysz merely relied upon plaintiff's statements to formulate his opinions. The doctor performed a clinical evaluation in which he observed plaintiff "is quite depressed with psychomotor slowing, flat tone and little spontaneous elaboration." Tr. 410. The doctor also found plaintiff's Beck Depression Inventory test scores were in the "severely depressed range with a total score of 37/63," and that plaintiff's Beck Anxiety Inventory scores were in the "severely anxious range with a total score of 41/63." *Id.* As to plaintiff's medical records, this is not a case in which there is no indication plaintiff does not suffer from depression or anxiety. The ALJ in fact determined plaintiff's major depressive disorder and PTSD are severe impairments and the record shows he has been treated with anti-depressants and other medication to treat his nightmares. Accordingly, substantial evidence does

not support the finding that that Dr. Czysz's opinion is inconsistent with plaintiff's medical treatment record.

The ALJ also rejected Dr. Czysz's opinion that plaintiff is limited in his ability to perform work within a schedule, adapt to changes, communicate effectively, complete a workweek and set realistic goals. Tr. 438. The ALJ found the doctor's opinion is "inconsistent with claimant's overall appearance at the evaluation," and that while he appeared depressed, "he was also had linear thoughts, was fully oriented, performed well with immediate recall testing, performing serial seven counting accurately and he had adequate insight." *Id.*

The ALJ's findings go to plaintiff's cognitive ability. Dr. Cyzsz found plaintiff could perform short and simple tasks and routine tasks; the ALJ adopted this finding. But these findings do not address whether plaintiff can perform and complete gainful work at the simple and routing level within a schedule and meet other work requirements such as effective communication and adapting to changes. As to these limitations, Dr. Czysz opined that plaintiff's anxiety impairs plaintiff's attention making it hard for him to sustain a full day's work and his depression makes it difficult for plaintiff to approach new situations. Tr. 408. Dr. Cyzsz also indicated plaint has emotional instability and mood changes and that these symptoms impair plaintiff's ability to maintain consistent pace and interact in an appropriate manner with others. *Id.* In short, the Court concludes the ALJ failed to validly discount Dr. Czysz's opinions.

## CONCLUSION

The Court finds the ALJ erred in discounting the opinions of Drs. McDuffee and Czysz. The error is harmful because it resulted in a RFC determination that did not fully account for the all assessed limitations. Plaintiff contends the Court should reverse and remand the case for an award of benefits. The Court may remand for an award of benefits only if "the record has been

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 6

fully developed and further administrative proceedings would serve no useful purpose."
*McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citation omitted).

However, the Court will remand for benefits "only in rare circumstances." *Treichler v. Colvin*, 775 F3d 1090, 1099 (9th Cir. 2014). The Court should ask if further proceedings would be useful, whether the record is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules. *See Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004).

The Court concludes that this is not the rare case in which it should order remand for benefits. The opinions of the doctors require reevaluation and this is something the Court declines to do on review. The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate the opinions of Drs. McDuffee and Czysz, develop the record and redetermine plaintiff's RFC as needed and proceed to step five.

DATED this 18th day of April 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge